## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DONALD ALI, Individually and On Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | **CIVIL ACTION NO. _____** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **CDM FEDERAL PROGRAMS CORPORATION and CDM SMITH INC.,** | |
| **Defendants.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION

### I.  SUMMARY

1.      Plaintiff and the employees he seeks to represent are current and former employees of CDM Federal Programs Corporation and its parent company, CDM Smith Inc. ("Defendants") who worked within the past six (6) years. Defendants knowingly, deliberately, and voluntarily failed to pay their employees for all hours worked over forty in a workweek at the federal and state mandated overtime rate.

2.      Plaintiff seeks to recover unpaid wages and other damages owed under the Fair Labor Standards Act (FLSA) as a 29 U.S.C. 216(b) collective action and the New York Labor Law (NYLL) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### II. JURISDICTION & VENUE

3.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d). The Court has supplemental jurisdiction over the state

law claims pursuant to 28 U.S.C. § 1367.

4.      The Eastern District of New York has personal jurisdiction over Defendants because they do business in New York and in this judicial district.   Additionally, Plaintiff worked for Defendants in the Eastern District of New York during the relevant period.

5.      Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, including many of the wrongs herein alleged.

6.      The proposed class action includes a total number of plaintiffs in excess of 100.

7.      The amount in controversy, once the individual claims are aggregated, is in excess of $5,000,000, exclusive of interests and costs.

8.      The named Plaintiff is a resident of a state that is different than the state of residence of Defendants.

### III. PARTIES

9.      At all times relevant herein, Plaintiff Donald Ali was an employee of Defendants.  Plaintiff worked for Defendants in furtherance of Defendants' natural disaster relief services provided throughout New York from approximately September 2016 to approximately July 2020.  Plaintiff is a resident of Orange County Florida.   During his employment with Defendants, Plaintiff regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal and New York law.

10.      Plaintiff's consent to sue form is attached as Exhibit A.

11.      Plaintiff and all other similarly situated employees were subject to a compensation policy instituted by the Defendants which, by its terms, did not legally compensate them for all hours worked at the federally and New York mandated overtime rate.

12.     The Class Members are current and former New York employees of Defendants who were paid straight time and not paid overtime at the statutory rate directed by the FLSA and the NYLL.

13.     At all relevant times, Plaintiff and the Class Members were "employees" of the Defendants as defined by 29 U.S.C. § 203(e) and NYLL §§ 190(2) and 651(5).

14.     Defendants are corporations organized in Massachusetts. Defendants may be served through their registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

15.     At all relevant times, Defendants were and are an "employer" of Plaintiff and Class Members as defined by 29 U.S.C. § 203(d) and NYLL §§190(3) and 651(6).

## IV. FACTS

16.     Defendants are part of an organization that secured contracts with the Federal Emergency Management Agency ("FEMA"). Specifically, Defendants contract with FEMA to provide services related to natural disaster recovery in New York.

17.     Plaintiff worked for Defendants throughout New York from on or about September 2016 through on or about July 2020.

18.     Defendants classified Plaintiff as a W-2 employee and paid him on an hourly basis.

19.     Plaintiff worked overtime (i.e., more than 40 hours per week) for Defendants on numerous occasions during the relevant time period.  Plaintiff worked, at a minimum, ten hour per daily shift and would routinely work twelve or more hour shifts each day.  Plaintiff routinely worked five to 7 shifts per week.

20.     Defendants did not pay Plaintiff any additional pay for overtime hours that he worked during the relevant time period.

21.     Instead, Defendants paid Plaintiff his hourly rate (i.e., "straight time") for each accepted

work hour he recorded in the company's timekeeping system, including his overtime hours.

22.     Defendants paid all similarly situated employees in the same manner.

23.     By engaging in this pay practice, Defendants deprived employees of their right under New York labor law and the FLSA to receive time-and-a-half pay for their overtime hours.

24.     Defendants' employees are entitled to overtime for each hour worked in excess of forty in a workweek. However, Defendants failed to compensate them as required by New York and the FLSA.

25.     Defendants owe Plaintiff .5 times his regular rate of pay for each recorded overtime hour he worked each week during the relevant time period, plus liquidated damages in the same amount.

26.     Plaintiff is also entitled to an award for all reasonable attorneys' fees and costs associated with prosecuting this lawsuit.

27.     Defendants' compensation policy and practice does not satisfy the salary-basis test for exempt employees. See 29 C.F.R. § 541.602(a)(1) ("[A]n exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.").

28.     When Plaintiff recorded fewer than 40 hours, Defendants paid him a standard hourly rate for each hour he recorded, just as it did when he recorded more than 8 hours in a day or 40 hours in a week. Defendants' policy and practice of paying Plaintiff in this manner does not satisfy the salary-basis test for exempt employees.

29.     Plaintiff's work also does not satisfy the job-duties requirements for any overtime-pay exemptions under the FLSA.

30.     Defendants' method of paying Plaintiff and all similarly situated employees in violation

of the FLSA and New York labor laws was willful and was not based on a good faith and reasonable belief that their conduct complied with the law.

31.    Defendants' pay scheme was not by accident, but a well thought out plan to reduce their labor costs.

32.    Defendants knew the requirement to pay overtime to their employees, but they intentionally and/or recklessly chose not to do so.

33.    Defendants receive FEMA funding for their work. To be eligible to receive FEMA funds, Defendants agreed to comply with federal laws including the FLSA. As such, Defendants were on notice to comply with FLSA wage laws, but chose not to do so.

34.    Upon information and belief, Defendants investigated the wage laws and knew the requirement to pay overtime wages. Nevertheless, they chose not to pay overtime wages to Plaintiff and other similarly situated employees. Accordingly, Defendants' violations of the FLSA were willful.

35.    When Plaintiff and other similarly situated employees of Defendants work more than ten hours in a single work day, they are/were not paid according to the New York Department of Labor spread of hour regulations. N.Y. COMP.CODES R. & REGS.  tit. 12, § 142-2.4.

### V.  COLLECTIVE ACTION ALLEGATIONS

36.    Plaintiff brings this complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former New York employees who were paid straight time instead of time-and-a-half for recorded overtime hours (hours over 40 in each workweek) within three (3) years from the commencement of this action up to the present.

37.    Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), this complaint may be brought as an "opt-in" collective action for all claims asserted by Plaintiff because his claims are similar

to the claims of the putative plaintiffs of the representative action.

38.     Plaintiff is similarly situated to the putative Plaintiffs with regards to his job duties. They were subject to Defendants' common practice, policy, or plan of refusing to pay employees overtime in violation the FLSA.  Plaintiff and the putative plaintiffs were victims of a common policy or plan that violated the law.

39.     The names and addresses of the putative members of the representative action are available from Defendants. To the extent required by law, notice will be provided to these individuals via First Class Mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## VI. CLASS ACTION ALLEGATIONS

40.     The claims arising under the New York State Labor Law are properly maintainable as a class action under Rule 23 of the  Federal Rules of Civil Procedure.

41.     Plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and seeks to certify a class as follows:

> **All of Defendants' current and former employees who work or worked in New Yok and are or were paid straight time instead of time-and-a-half for hours worked in excess of 40 hours in individual workweeks (overtime) during the six years prior to the commencement of this suit through the present.**

42.     Defendants' policy of failing to pay overtime affects members of the Class in a substantially similar manner. Plaintiff and the Class Members have claims based on the same legal and remedial theories.   Plaintiff and Class Members have claims based on the same facts. Plaintiff's claims are therefore typical of the Class Members.

43.     Although Plaintiff does not know the precise number of members of the proposed class,

there are hundreds and the members of the class are numerous and geographically dispersed across the state and the country so that joinder is impracticable. The identity of the members of the class is readily discernible from Defendants' records.

44.     Plaintiff and the Class Members on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

45.     If individual actions were required to be brought by each of the similarly-situated persons affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class Members are entitled.

46.     There are questions of law and fact that are common to all members of the proposed class, and these questions predominate over any question affecting only individual class members.

47.     Plaintiff will fairly and adequately protect the interests of the proposed class in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff has no interests antagonistic to the members of the proposed classes. Plaintiff is committed to the vigorous prosecution of this case as a class action and has retained counsel who are experienced in class action litigation in general and wage and hour litigation in particular.

48.     The Class Action is a superior form to resolve the NYLL claims because of the common nucleus of operative fact centered on the continued failure of Defendants to pay its employees according the provisions of the NYLL and the FLSA.

49.     The Plaintiff and similarly situated employees of Defendants herein seeking class status are seeking to remedy a common legal grievance.

50.     Defendants' policy of refusing to pay legally required wages to its employees provides a common factual and causal link between all the Class Members which positions them in opposition to Defendants.

51.     In this action, common issues will be the object of the majority of the efforts of the litigants and the Court. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and the putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants.  A class action will also prevent unduly duplicative litigation resulting in inconsistent judgments pertaining to the Defendants' policies.

## VII. CAUSES OF ACTION

### Count I
### Violation of the Fair Labor Standards Act
### Overtime
### (Collective Action)

52.     Plaintiff incorporates the preceding paragraphs by reference.

53.     This count arises from Defendants' violation of the FLSA 29 U.S.C. 201, et seq., for their failure to pay Plaintiff and the members of the Class all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks.

54.     For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the Class members were entitled to be paid one and one-half times their regular rates of pay.

55.     Defendants violated the FLSA by failing to compensate Plaintiff and the Class members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

56.     Defendants' failure to pay overtime to Plaintiff and the Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that its conduct did

not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57.     Plaintiff will seek to certify Count I, violation of the overtime provisions of the FLSA, as a collective action and asks the Court to determine the rights of the class pursuant to the FLSA, determine any damages due, and to direct Defendants to account for all back wages, penalties and prejudgment interest thereon due to Plaintiff and the other employees he represents.

**Count II**
**Violation of the New York Labor Law**
**Overtime**
**(Class Action)**

58.     Plaintiff incorporates the preceding paragraphs by reference.

59.     This count arises from Defendants' violation of the NYLL Art. 6, Section 191, for their failure to pay Plaintiff and the Class Members all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the Class Members were entitled to be paid one and one-half times their regular rates of pay.  In addition, the Class is entitled to receive liquidated damages.

60.     Defendant has violated the NYLL by failing to compensate Plaintiff and the Class Members consistent with the maximum hour provisions decreed in the NYLL.

61.     Plaintiff will seek to certify Count II, a violation of the overtime provisions of the NYLL,  as a class action and asks the Court to determine the rights of the class pursuant to the NYLL, award all damages due, including, but not limited to, liquidated damages, and to direct Defendant to account for all back wages, prejudgment interests and all other damages due to Plaintiff and the class he represents.

**Count III**
**Violation of the New York Labor Law**
**Spread of Hours**
**(Class Action)**

62.     Plaintiff incorporates the preceding paragraphs by reference.

63.     This count arises from Defendant's violation of the NYLL, specifically Defendants' violation of New York State Department of Labor Regulation§ 142-2.4, which stipulates that an employee shall receive one hour's  pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee works for ten or more hours.

64.     Defendants violated the NYLL by failing to comply with their obligation to pay Plaintiff and the Class Members the additional hour of wages required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 on those days when Plaintiff and Class Members in fact worked for ten or more hours.

65.     Plaintiff  will seek to  certify  Count III, a  violation  of  the NYLL  and  associated regulations, including N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4, as a class action and asks the Court to determine the rights of the class pursuant  to the NYLL,  award all damages due, including, but not limited to, liquidated damages, and to direct Defendants to account for all back wages, prejudgment interests and all other damages due to Plaintiff and the class he represents.

**VIII. JURY DEMAND**

66.     Plaintiff hereby demands a trial by jury.

**IX. PRAYER FOR RELIEF**

67.     For these reasons, Plaintiff, on behalf of himself and all proposed members of the FLSA collective action and NYLL class action, prays for relief as follows:

68.     With Respect to the FLSA violation:

69.     Designation of this action as a collective action on behalf of the proposed members of the

FLSA representative action and prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

70.     Designation of Plaintiff Donald Ali as Representative Plaintiff of the putative members of the FLSA representative action;

71.     A declaratory judgment that the practices complained of in this complaint are unlawful under the FLSA;

72.     An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in the unlawful practice, policy, and pattern detailed in this complaint;

73.     Recovery of unpaid overtime compensation;

74.     An award of damages equal to all unpaid overtime wages as liquidated damages as provided for in 29 U.S.C. § 216(b);

75.     Recovery of attorneys' fees and costs as provided for in 29 U.S.C. §216(b);

76.     Pre-judgment and post-judgment interest at the highest rate permitted by law; and

77.     Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

78.     With Respect to the Class, Plaintiff prays as follows:

79.     Certification of this action as a Class Action;

80.     Designation of the Named Plaintiff, Donald Ali, as class representative;

81.     Designation of the undersigned counsel as class counsel; and

82.     Entrance of a declaratory judgment that the actions complained of herein are unlawful.

83.    With Respect to the New York State claims, Plaintiff prays as follows:

84.    Grant of judgment to the named Plaintiff and Class members including awarding statutory,

compensatory and liquidated damages as provided for under New York law;

85.    Award of pre-judgment and post-judgment interest, at the highest rate provided by law;

and,

86.    Awarding of Plaintiff his attorneys' fees and costs of suit, including expert fees.

Dated: October 15, 2020

          Respectfully submitted,

          SHELLIST LAZARZ SLOBIN LLP

    By:    */s/ Ricardo J. Prieto*
          Ricardo J. Prieto (*pro hac vice pending*)
          State Bar No. 24062947
          rprieto@eeoc.net
          Melinda Arbuckle (*pro hac vice pending*)
          State Bar No. 24080773
          marbuckle@eeoc.net
          11 Greenway Plaza, Suite 1515
          Houston, Texas 77046
          Telephone: (713) 621-2277
          Facsimile: (713) 621-0993

          ATTORNEY-IN-CHARGE FOR NAMED AND
          OPT-IN PLAINTIFFS

                    &

          COOPER ERVING & SAVAGE LLP

    By:    */s/ Carlo A. C. de Oliveira*
          Carlo A. C. de Oliveira
          Bar Roll No.: 516271
          39 North Pearl Street, Fourth Floor
          Albany, New York 12207
          Telephone: (518) 449-3900
          Facsimile: (518) 432-3111
          E-mail: Cdeoliveira@coopererving.com
          LOCAL COUNSEL FOR NAMED AND
          OPT-IN PLAINTIFFS